# UNITED STATES DISTRICT COURT

FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.  Case Number **94-03118-01/RV**

**PAUL JENNINGS HILL**
Defendant.

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, **PAUL JENNINGS HILL**, was represented by **Roderick D. Vereen, Esquire** and **Maureen Duignan, Esquire**.

The defendant was found guilty on counts **I, II, III and IV** after a plea of not guilty. Accordingly, the defendant is adjudged guilty of such counts, involving the following offenses:

| TITLE & SECTION | NATURE OF THE OFFENSE | DATE CONCLUDED | COUNT NUMBER |
|---|---|---|---|
| 18 USC 248 (a)(1) | Intentionally injuring and interferring with individuals providing reproductive health services which resulted in their death | 7/29/94 | I and II |
| 18 USC 248(a)(2) | Intentionally injuring and interferring with an individual providing reproductive health services | 7/29/94 | III |
| 18 USC 924(c) | Possession of a firearm during a crime of violence | 7/29/94 | IV |

As pronounced on **December 2, 1994**, the defendant is sentenced as provided in pages 2 through 5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of **$ 200.00**, for counts **I, II, III and IV**, which shall be due immediately.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this 2nd day of December, 1994.

CERTIFIED A TRUE COPY
ROBERT A. MOSSING, CLERK
By: _____
Deputy Clerk

ROGER VINSON
United States District Judge

Defendant's SSAN: 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
Defendant's Date of Birth: 02/06/54
Defendant's address: 6355 Confederate Drive, Pensacola, Florida 32503

FILED
94 DEC -2 PM 2: 22
OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
PENSACOLA

Defendant: PAUL JENNINGS HILL
Case Number: 94-03118-01/RV

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **LIFE** on each of Counts I and II, to be served concurrently; to be so committed for a term of 120 months on Count III, to be served concurrently with the terms imposed on Counts I and II; and to be so committed for a term of 60 months on Count IV, with the term imposed on Count IV to be served consecutively to the terms imposed on Counts I, II and III.

The defendant is remanded to the custody of the United States Marshal.

RETURN:

    I have executed this Judgment as follows:

_____

_____

_____

_____

Defendant delivered:

on_____ to_____

at _____, with a certified copy of this

Judgment.

_____
    United States Marshal

By _____
    Deputy Marshal

Defendant: PAUL JENNINGS HILL
Case Number: 94-03118-01/RV

## SUPERVISED RELEASE

If released from imprisonment, the defendant shall be on supervised release for a term of **five (5)** years.

While on supervised release, the defendant shall not commit another federal, state, or local crime; shall not illegally possess a controlled substance; shall comply with the standard conditions that have been adopted by this court (set forth below); and shall comply with the following additional conditions:

1. If ordered to the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

2. If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remain unpaid at the commencement of the term of supervised release.

3. The defendant shall not own or possess a firearm or destructive device.

4. **The defendant shall participate in a mental health program as directed by the U. S. Probation Officer.**

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his or her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 S (Rev. 4/90)(N.D. Ala. rev.) Case 3:94-cr-03118-RV Restitution and Forfeiture Document 63   Filed 12/02/94   Page 4 of 5

Judgment--Page **4** of **5**

Defendant:  PAUL JENNINGS HILL
Case Number:  94-03118-01/RV

## RESTITUTION AND FORFEITURE

### RESTITUTION

The defendant shall make restitution to the following persons in the following amounts:

| Name of Payee | Amount of Restitution |
|---|---|
| The Estate of James Barrett c/o Mrs. June Barrett | $1,815.00 |
| June Barrett | $ 480.00 |

Payments of restitution are to be made to **the United States Attorney's Office for delivery to the victim.**

Judgment--Page **5** of **5**

Defendant: PAUL JENNINGS HILL
Case Number: 94-03118-01/RV

## STATEMENT OF REASONS

The court adopts the factual findings and guideline application in the presentence report, except the Court determined that the defendant should receive a two-level reduction to the total Offense Level for acceptance of responsibility.

**Guideline Range Determined by the Court:**
Total Offense Level:            43
Criminal History Category:      I
Imprisonment Range:             LIFE
Supervised Release Range:       2 to 5 years
Fine Range:                     $ 25,000.00 to $ 250,000.00
Restitution:                    $ 2,295.00

The fine is waived or is below the guideline range because of the defendant's inability to pay.

The sentence is within the guideline range and the court finds no reason to depart from the sentence called for by application of the guidelines.